# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:95-cr-007
                                           Also Case No. 3:16-cv-212

                                           District Judge Walter Herbert Rice
  - vs -                                  Magistrate Judge Michael R. Merz

DERRICK LAMONTE SMOOTE,

           Defendant.    :

---

## DECISION AND ORDER GRANTING MOTION TO STAY

---

      This case is before the Court on the Amended Motion of the United States to Stay this case (ECF No. 59). Defendant opposes the Motion (ECF No. 60) and the United States has filed a reply in support (ECF No. 61).

      A motion for stay is a non-dispositive pretrial motion within the initial decisional authority of a Magistrate Judge to whom the case has been referred. As with all collateral review proceedings at the Dayton location of court, this case has been referred to the undersigned under General Order Day 13-01.

      Mr. Smoote's Amended Motion to Vacate under 28 U.S.C. § 2255 asserts that he was found to be a career offender under the Sentencing Guidelines and his sentence was enhanced based on that finding (ECF No. 57, PageID 1671). Smoote asserts he no longer qualifies as a career offender, based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d

1

569 (2015), in which the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guideline has been held to be unconstitutional on the same basis as *Johnson*. *United States v. Pawlak*, 872 F.3d 902 (6th Cir. 2016).

*Pawlak* was a direct appeal case and the Sixth Circuit has not yet held that it is retroactively applicable to cases on collateral review. In *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), Eleventh Circuit held, contrary to *Pawlak*, that *Johnson* does not control cases in which a person is classified as a career offender under the Guidelines. The Supreme Court has granted certiorari in *Beckles* on the following issues: (1) Whether Johnson v. United States applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. *Beckles v. United States*, 2016 U.S. LEXIS 4142 Case No. 15-8544(June 27, 2016), The Sixth Circuit has now decided that Guidelines *Johnson* cases should be stayed pending the Supreme Court's decision in *Beckles*. *In re: Embry*, ___ F.3d ___, 2016 U.S. App. LEXIS 13798 (6th Cir. July 29, 2016).

2

The United States relies on *Embry* (ECF No. 59, PageID 1722).  Defendant's Response in Opposition does not discuss *Embry*, but relies on Judge Beckwith's denial of a stay in *United States v. Fife,* 2016 U.S. Dist. LEXIS 90906 (S.D. Ohio July 13, 2016)).  However, the docket in Fife's case (1:03-cr-149) indicates Judge Beckwith has now held that case in abeyance pending the decision in *Beckles*.

This Court previously concluded that *Johnson* was retroactively applicable to Guidelines cases.  However, *Embry* requires a different result.

Accordingly, the Court ORDERS that further consideration of this case be STAYED pending the Supreme Court's decision in *Beckles*.  The time within which the United States must answer the § 2255 Motion in this case is EXTENDED to a date to be set when this stay is dissolved.

August 9, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge