**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

               Plaintiff,     :     Case No. 3:95-cr-007
                                           Also Case No. 3:16-cv-212

                                           District Judge Walter Herbert Rice
   -  vs  -                          Magistrate Judge Michael R. Merz

DERRICK LAMONTE SMOOTE,

               Defendant.     :

**ORDER TERMINATING COUNSEL, ALLOWING WITHDRAWAL OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, AND AGAIN RECOMMENDING DISMISSAL WITH PREJUDICE**

This case is before the Court on Derrick Smoote's Motion to Withdraw the Notice of Dismissal without Prejudice filed on his behalf by appointed counsel Lawrence J. Greger (ECF No. 68).

Attorney Greger was appointed under the Criminal Justice Act as Mr. Smoote's counsel on April 4, 2016, to pursue an action under 28 U.S.C. § 2255 (ECF No. 51). Mr. Greger promptly filed that action (ECF No. 52). Upon initial review, the Court ordered an answer (ECF No. 53). Mr. Smoote was given leave to amend (ECF Nos. 56, 57), but then the case was stayed, as required by the Sixth Circuit Court of Appeals pending a decision by the Supreme Court in *Beckles v. United States* (ECF No. 62).

That case was decided March 6, 2017, and this Court dissolved the stay but recommended the § 2255 proceeding be dismissed on the basis of the *Beckles* decision (ECF No. 63). Mr. Greger obtained an extension of time to object, but eventually filed the Notice of Dismissal instead.

Mr. Smoote avers Mr. Greger filed the Notice without his permission and accuses Mr. Greger of unprofessional conduct in doing so (ECF No. 68, PageID 1745). Mr. Greger has practiced law in cases over which the undersigned has presided for thirty-seven years and has never in any case engaged in any unprofessional conduct. To the contrary, the Court knows Mr. Greger to be an attorney of the highest possible professional standards. Nevertheless, Mr. Smoote should not continue to be represented by someone he has accused of unprofessional conduct. Therefore Mr. Greger's appointment in this case is terminated as of June 19, 2017, and the docket will be amended to show that Mr. Smoote is proceeding pro se as of that date. The Notice of Voluntary Dismissal without Prejudice filed by Mr. Greger is DEEMED WITHDRAWN.

Mr. Smoote asks the Court to appoint new counsel. *Id.* at PageID 1746. Criminal defendants pursuing § 2255 relief in federal courts are not entitled to appointed counsel under the Criminal Justice Act. Mr. Greger was appointed here, as were many other local attorneys, because of the veritable flood of § 2255 litigation caused by *Johnson v. United States*, 135 S. Ct. 2551 (2015). Most of the issues raised by *Johnson* have now been decided and the Court finds appointment of new counsel is not warranted here.

Smoote believes the dismissal was not warranted because he says he was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA") and not as a career offender under the Sentencing Guidelines (ECF No. 68, PageID 1745). That is not what is

shown in the Presentence Investigation Report ("PSR") which has a recommendation that Smoote be found to be a career offender and sentenced accordingly.

Smoote argues his prior convictions counted as predicates under the Sentencing Guidelines no longer support his classification as a career offender. The PSR shows an Indiana conviction for battery on May 20, 1986 (PSR, ¶ 50). Battery is properly classified as a violent felony because it involves as an element the use of force and the sentence was one year imprisonment. The PSR also shows an Indiana conviction for robbery on November 22, 1987 (¶ 51). Robbery also includes an element of force and the sentence was 11.5 years.

In support of his claim that these convictions no longer support his career offender classification, Smoote cites *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016). That case determined that common law robbery in North Carolina did not necessarily involve the use of force against the person of another. *Gardner* says nothing about robbery under Indiana law, which is the relevant State. The Court has been unable to locate the other two cases relied on by Smoote as the citations are incorrect or incomplete.

Based on the foregoing analysis, Smoote has not shown that he is entitled to relief from his sentence as a career offender. It is therefore again respectfully recommended that his § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).